**Bruce Standley GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–328–CR.**

Court of Appeals of Texas, Waco.

June 7, 1984.
Rehearing Denied June 28, 1984.

Connie B. Williams, Terrance Windham, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Russell T. Lloyd, Robert Loper, Asst. Dist. Attys., Houston, for appellee.

HALL, Justice.

Waiving trial by jury and pleading not guilty, appellant Bruce Standley Griffin was convicted by the court for the offense of unlawful possession of a firearm by a felon. V.T.C.A., Penal Code § 46.05. Enhanced by a prior felony conviction, punishment was assessed at penitentiary confinement for two years. Appellant's two grounds of error complain of the admission in evidence of a revolver seized by a police officer from the car appellant was driving. We affirm the judgment.

At about 12:20 a.m. on May 8, 1983, Officer William C. Dumas of the Pasadena Police Department was on duty driving his patrol car in the 3900 block of Shaver when he noticed appellant drive past him in an adjacent lane of traffic. Appellant was not speeding, but was simply in a faster lane of traffic than was Dumas. The Officer noticed that appellant matched a composite drawing of an aggravated robbery suspect the police were looking for. Dumas testified that he had the drawing with him and actually picked up the composite drawing and compared it to appellant. He also noticed that appellant's blue 1976 Chevrolet matched the description of the car the robbery suspect was driving except that appellant's car was a four-door model while the car being sought was described as a two-door.

Convinced that appellant was the suspect, Officer Dumas followed him into the City of South Houston and back to Pasadena. The Officer then turned on his emergency lights and pulled appellant over. Exiting his car, appellant showed the officer his driver's license at the rear of the Chevrolet. By this time at least one other patrol car had arrived and others would arrive shortly. Officer Dumas then shined his flashlight through the driver's window which was rolled down and observed a revolver on the driver's side of the floorboard. Appellant was then placed under arrest.

It is settled that circumstances short of probable cause for arrest may justify a temporary detention for the purpose of investigation. This is because investigation is considered to be a lesser intrusion upon the personal security of the individual. *Leighton v. State*, 544 S.W.2d 394, 395 (Tex.Cr.App.1976). An occupant of an automobile is subject to such brief detention or stop. *Hazel v. State*, 534 S.W.2d 698, 703 (Tex.Cr.App.1976). The law enforcement officer, however, must have specific articulable facts which, in light of his experience and physical knowledge together with other inferences from the facts, would reasonably warrant the intrusion on the freedom of the citizen detained for investigation. There must be a reasonable suspicion by the law enforcement officer that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with unusual activity, and some indication that the activity is related to crime. *Armstrong v. State*, 550 S.W.2d 25, 30 (Tex.Cr. App.1977). In our case, we hold that the similarity between appellant and the composite drawing of the aggravated robbery suspect together with the substantially similar description of appellant's car gave the police officer probable cause to stop and detain appellant for investigation and some questioning.

Since appellant was legally stopped, the remaining question is whether the revolver was properly seized and admitted in evidence. We hold that it was. Criminal objects falling within the plain view of a police officer who has a right to be in a position to have the view are subject to seizure and may be introduced in evidence. *Lewis v. State*, 439 S.W.2d 351, 352 (Tex.Cr.App.1969). The fact that a police officer uses a flashlight does not prevent an object from being considered in plain view. *Legall v. State*, 463 S.W.2d 731, 732 (Tex.Cr.App.1971). Furthermore, looking

at objects inside automobiles from outside positions does not offend the Fourth Amendment. In *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 1542, 75 L.Ed.2d 502 (1983) the Supreme Court stated in its plurality opinion:

> [T]he fact that [Officer] Maples changed his position and bent down at an angle so he could see what was inside Brown's car is irrelevant to Fourth Amendment analysis. The general public could peer into the interior of Brown's automobile from any number of angles; there is no reason Maples should be precluded from observing as an officer what would be entirely visible to him as a private citizen. There is no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers. In short, the conduct that enabled Maples to observe the interior of Brown's car and of his open glove compartment was not a search within the meaning of the Fourth Amendment.

In our case the revolver was within the plain view of Officer Dumas, and was properly seized. No error resulted in admitting the weapon as evidence. *Lewis v. State*, supra.

The judgment is affirmed.