**Oscar Benitez RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–334–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Mark Janssen, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and KENNEDY, and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant, Oscar Benitez Rodriguez, guilty of aggravated possession of marihuana. The jury assessed appellant's punishment at fifteen years' confinement in the Texas Department of Corrections. By two points of error, appellant complains that the trial court erred in refusing to submit his requested jury charges and in failing to suppress alleged illegally seized evidence. We affirm.

Trooper Reynaldo M. Perez testified that while patroling Loop 175, he spotted a white over brown Plymouth coming onto the loop. The vehicle's driver, appellant, appeared not to be wearing a seatbelt. Perez saw the seatbelt dangling beside appellant. Perez also observed children in the back of appellant's car not wearing their seatbelts. He requested a license plate check and stopped the vehicle. When he approached appellant's vehicle, he saw that appellant was indeed not wearing his seatbelt. Perez questioned him regarding his destination, and he also asked him for his driver's license and insurance documents. Appellant could produce no insurance documents. Perez testified that appellant appeared very nervous and repeatedly glanced toward the trunk as they spoke. Furthermore, when Perez would

move toward the trunk, appellant would lean against the trunk. Perez testified that based upon appellant's movements, he concluded that appellant was trying to keep him away from the trunk.

Perez asked appellant if he could look inside the trunk. Appellant said that he could and opened the trunk for him. Inside, Perez saw a yellow blanket covering what he described as a "square shape." Perez detected marihuana odor and asked appellant what was underneath the blanket. Appellant responded that the blanket covered articles for his children. At this point, Perez asked appellant to sign a written "Consent to Search" form. Perez testified that he explained to appellant that when an officer suspects that a vehicle contains contraband, the person in control of the automobile is asked to sign a consent to search form. According to Perez, he explained to appellant that he had the right to refuse the search; however, appellant agreed to sign the form. Underneath the blanket, Perez found five trash bags containing twenty-six individually wrapped bricks of marihuana. He arrested appellant for marihuana possession but did not issue him a ticket for the seatbelt infraction or any other violation of the law.

Appellant contradicted Perez' explanation for the stop, stating that both he and his wife were wearing their seatbelts at the time of the stop. He said that Perez informed him that the reason for the stop was that the license plates attached to his vehicle belonged to a different vehicle. Appellant stated that he opened the trunk on Perez' orders. Perez reached inside the trunk, touched something and ordered appellant to sign a consent to search form. According to appellant, Perez did not advise him that he had the right not to sign the consent to search form. On the other hand, appellant admitted that Perez told him what the consent to search form entailed. He said that he understood what Perez was saying when he explained the consent to search form. He also understood that the form gave Perez consent to search his vehicle. Appellant testified that when he signed the consent form, he knew what he was signing. During trial, de-fense counsel showed appellant the consent to search form. Appellant could not read the form but did recognize his signature on the form. Appellant cannot read or write English or Spanish; however, he did not inform Perez about this alleged problem. Appellant testified that he went to school in the United States but did not learn anything. When asked what grade he went to, he answered, "None."

Appellant, in his second point of error, complains that the trial court erred by failing to suppress illegally seized evidence. Appellant argues that the marihuana was seized as a result of an illegal and involuntary traffic stop. The trial judge overruled appellant's motion to suppress the marihuana.

■ A police officer may stop a motor vehicle when the driver is engaged in wrongdoing. *United States v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). In Texas, a person violates the law if, when fifteen years or older, he rides in the front seat of a passenger car while the car is being operated on a road, street, or highway of this state, occupies a seat equipped with a safety belt, and fails to wear a safety belt. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 107C(b) (Vernon Supp.1989).

Perez testified that he sighted appellant operating a motor vehicle without wearing his seatbelt. Appellant's vehicle was equipped with a seatbelt on the driver's side and was turning onto Loop 175. Perez then stopped appellant's vehicle. Under these facts, appellant was in violation of Article 6701d, § 107C(b). Therefore, we hold that Perez did not illegally stop appellant's vehicle. *See Cortez*, 449 U.S. at 418, 101 S.Ct. at 695.

■ Appellant also complains that he did not understand the consent to search form. Under U.S. Const. amend. IV and XIV, a search conducted without a warrant issued upon probable cause is *per se* unreasonable, subject only to a few specific exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1976). One of these specifically established exceptions to the requirements of

both a warrant and probable cause is a search conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Our Court of Criminal Appeals has held that the protections afforded by U.S. Const. amend. IV and Tex. Const. art. 1, § 9 (Vernon 1984) can be waived by a person consenting to a search. *Reyes v. State*, 741 S.W.2d 414, 430 (Tex.Crim.App.1987).

The State has the burden to show by clear and convincing evidence that the consent to search was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968). The burden requires the State to show the consent given was positive and unequivocal and there must not be duress or coercion, actual or implied. *Reyes*, 741 S.W.2d at 430. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. *Bumper*, 391 U.S. at 548, 88 S.Ct. at 1791. The fact that an individual is under arrest, legally or illegally, does not, in and of itself, prevent a free and voluntary consent from being given. Custody is only one of the factors to be considered. *Reyes*, 741 S.W.2d at 430. The question of whether a consent to search was "voluntary" is a fact question to be determined from the totality of all the circumstances. *Juarez v. State*, 758 S.W.2d 772, 776 (Tex. Crim.App.1988).

Even though conflicts exist in the testimony, the trier of fact is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by the State or defense witnesses. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App.1978); *Garcia v. State*, 750 S.W.2d 922, 923 (Tex.App.—Corpus Christi 1988, no pet.). Based upon the totality of the circumstances, we hold that the State, by clear and convincing evidence, established that appellant's consent to search was freely and voluntarily given. *See Bumper*, 391 U.S. at 548, 88 S.Ct. at 1791; *Reyes*, 741 S.W.2d at 430. The facts show that appellant's consent was positive and unequivocal and not obtained through duress or coercion. *Reyes*, 741 S.W.2d at 430. The fact that appellant cannot read or

write English or Spanish and the fact that he acquired little formal education does not, standing alone, negate his ability to consent to a search. Appellant testified that he understood that the consent form gave Perez permission to search his vehicle. He stated that Perez explained the consent form to him. When he examined the consent form in the jury's presence, he recognized his signature on the form. Education and intelligence is only one factor in determining whether consent to search was voluntary. *U.S. v. Gonzalez*, 842 F.2d 748, 754 (5th Cir.1988). Appellant's lack of education was simply not a controlling factor in the case before us.

■ By his first point of error, appellant contends that the trial judge erred by refusing his requested jury charges. These jury charges concern the voluntariness of the search, the existence of probable cause to stop appellant's vehicle, and the admission of the marihuana into evidence.

Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1989) provides, in pertinent part, that:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

\*　　\*　　\*　　\*　　\*　　\*

The terms of Article 38.23 are mandatory, and when an issue of fact is raised, an accused has a statutory right to have the jury charged accordingly. The only question is whether under the facts of a particular case an issue has been raised by the evidence in order to require a jury instruction. Where no such issue is raised by the evidence, the trial court acts properly in

refusing a request to charge the jury. *Murphy v. State*, 640 S.W.2d 297, 299 (Tex. Crim.App.1982).

In the jury's presence, Perez testified regarding the legality of the stop and search. His testimony was uncontroverted, and no other witnesses were called regarding the stop or search. Appellant delivered his controverting testimony *outside* the jury's presence. As we view the evidence, Perez' testimony did not raise an issue concerning the legality of the stop or search. We hold, therefore, that the trial court did not err in refusing to submit appellant's requested jury instructions. *See Murphy*, 640 S.W.2d at 297; Tex.Code Crim.Proc.Ann. art. 38.23(a) (Vernon Supp. 1989). We overrule appellant's points of error and AFFIRM the trial court's judgment.