Donald Lee **WHITTEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–91–00527–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 16, 1992.

Robert J. Inger, Houston, for appellant.

John Holmes, Dist. Atty., Alan Curry, Asst., Elsa Alcala, Asst., Houston, for appellee.

Before WILSON, SAM BASS and COHEN, JJ.

## OPINION

WILSON, Justice.

A jury found appellant guilty of possession of less than 28 grams of cocaine. The trial court found both allegations in the enhancement paragraphs true, and assessed punishment at 30–years confinement. Appellant challenges his conviction and punishment in three points of error. We affirm.

On August 10, 1990, six Houston police officers went to the Wild Cat Detail Shop to execute an arrest warrant issued for Donald Flanagan, a suspect in an aggravated robbery case. Various officers testified to their experiences with the Wild Cat Detail Shop, relating that it was a known hang-out for criminals, and is located in an area known for its high level of narcotics activity.

When they arrived at the business, four of the officers approached from the west in two patrol cars, while Officers Miller and Scoggins approached from the south in a third patrol car. Eight males were standing in front of the business, and when the police officers arrived, the men scattered in different directions. The four officers arriving from the west side of the business exited their cars, and detained the men who had been standing in front of the building. The officers conducted pat-down searches of the men and checked their identification. The subject of the warrant, Donald Flanagan, was not among the men present.

Meanwhile, Officers Miller and Scoggins, arriving from the south, saw appellant walk away from the group of men as the four other police officers approached the group. Appellant walked in the direction of Officers Miller and Scoggins, and appeared to be unaware of their presence. Officer Miller saw appellant walk to a trash can, and throw a clear, plastic baggie into it. The officer testified that because the trash can was full, the baggie bounced off the top of the can, and fell onto the ground.

Officer Miller recognized the baggie as a common means of carrying narcotics in the area. He picked up the baggie, and found it to contain two different substances which were later identified as cocaine and marijuana. Appellant was then apprehended by Officer Scoggins.

On March 21, 1991, appellant was found guilty of possession of marijuana based on the State's evidence as described above.

In his first point of error, appellant argues that the trial court erred in denying his special plea of double jeopardy pursuant to article 27.05 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.P.ANN. art. 27.05 (Vernon 1989). In support of his contention, appellant relies on the test set forth in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

■ The *Grady* test requires a determination of whether the State must prove one offense as an essential element of the other offense. *Id.* 110 S.Ct. at 2093. The double jeopardy doctrine bars a prosecution for which the State must prove conduct that constitutes an offense for which the defendant has already been charged. *Id.* As this is not a "same evidence" or "actual evidence" test, the critical inquiry is what conduct will the State prove, not the evidence the State will use to prove that conduct. *Id.*

■ Appellant contends that his earlier marijuana conviction bars his prosecution for possession of cocaine, because the State must prove the same conduct in both prosecutions, namely, his act of throwing down of the plastic baggie that contained both substances. Appellant's argument is without merit, however, because the State was not required to prove that appellant threw down a plastic baggie in either of the two prosecutions.

The *Grady* case does not bar appellant's prosecution for possession of cocaine, because appellant's possession of marijuana, and the throwing down of the bag, were

not required as proof for the State to establish an essential element of the offense of possession of cocaine. Accordingly, the trial court did not err in denying appellant's special plea of double jeopardy. Appellant's first point of error is overruled.

In his second point of error, appellant claims that State's exhibit number nine is insufficient to support one of the enhancement allegations in the indictment. State's exhibit number nine is the judgment and sentence corresponding to one of appellant's prior convictions, cause number 50936. The State relied on appellant's conviction in cause number 50936 for enhancement purposes in the indictment.

State's exhibit number nine reflects that the sentence in cause number 50936 was imposed on May 19, 1989, but that the trial judge did not sign the judgment until May 22. In the indictment for the current offense, the enhancement paragraph asserts that appellant was convicted in cause number 50936 on May 19, 1989. Appellant claims that this discrepancy in dates, the date the trial judge signed the judgment and the date alleged in the current indictment, prevents the State from using appellant's conviction in cause number 50936 for enhancement purposes.

Appellant's argument is not compelling, because even though the trial judge did not sign the judgment until May 22, the sentence was imposed on May 19. The enhancement paragraph in the indictment for the current offense reads, "the [d]efendant committed the felony of [t]heft and was convicted on May 19, 1989, in cause number 50936." The indictment does not allege the judgment was final on May 19, it only alleges appellant was convicted on that date. Appellant was, in fact, convicted on May 19. Therefore, there is no variance in the date alleged in the indictment and the date appellant was convicted in cause number 50936.

Even if such a variance existed, it would not be fatal unless there was a showing of harm. *Benton v. State*, 770 S.W.2d 946, 947–48 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Appellant has brought forth no showing of harm. Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial court erred in denying his motion to suppress, because he abandoned the baggie containing marijuana and cocaine as a result of police misconduct. The trial judge is the sole and exclusive trier of fact, and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). On appeal, the appellate court does not engage in its own factual review, but decides whether the trial judge's fact findings are supported by the record. *Id.* If the trial court's findings of fact are supported by the record, an appellate court is not at liberty to disturb them, and on appellate review, the reviewing court may address only the question of whether the trial court improperly applied the law to the facts. *Id.* On review, the evidence adduced at a suppression hearing is viewed in the light most favorable to the trial court's ruling in determining whether the trial court abused its discretion in denying the motion to suppress. *Daniels v. State*, 718 S.W.2d 702, 704 (Tex.Crim.App.1986).

Appellant contends that the police misconduct he complains of consisted of the police officers being "intent on seizing any and all black males in front of the premises in which Flanagan was supposed to be located, and carr[ying] out that objective immediately upon exiting their vehicles." Appellant appears to be claiming that the detention of the eight men in front of the store was an illegal detention, thereby rendering his abandonment of the baggie an involuntary abandonment, which, if true, would mean that the protections of the fourth amendment would apply. *See Hawkins v. State*, 758 S.W.2d 255, 259 (Tex.Crim.App.1988).

While we hold the brief detention of the eight men in front of the business was legal, such a determination is not required to dispose of appellant's point. The record of the suppression hearing indicates that appellant began walking away from

the Wild Cat Detail Shop as soon as the police officers arrived at the premises. As he departed, he threw a baggie containing marijuana and cocaine into a trash can. At the time appellant abandoned the baggie, none of the police officers had detained him, nor had they spoken to him. The police officers had merely arrived at the business, and approached the group of men. Such police conduct does not require probable cause nor reasonable suspicion. *Norman v. State*, 795 S.W.2d 249, 250–51 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

In the absence of police misconduct prior to his abandonment of the baggie, appellant voluntarily abandoned it. *Norman*, 795 S.W.2d at 251. When police take possession of abandoned property, there is no seizure under the fourth amendment. *Clapp v. State*, 639 S.W.2d 949, 953 (Tex.Crim.App.1982). Therefore, the trial court did not abuse its discretion by denying appellant's motion to suppress. Appellant's third point of error is overruled.