# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00707-CR

**James C. Shakespeare, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. 548,151, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING

Appellant James C. Shakespeare pleaded no contest to the charge of operating a motor vehicle while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2001). The trial court assessed punishment at ninety days in jail probated for two years, and a fine of $1200 probated to $200. In a single issue, appellant contends that, although his initial traffic stop was lawful, the arresting officer did not have reasonable suspicion to detain appellant further in order to investigate whether he was intoxicated. Appellant complains that the trial court thus erred in denying his motion to suppress all evidence obtained pursuant to his detention. We will affirm the trial court's order.

## BACKGROUND

On November 4, 1999, at 2:30 a.m., appellant ran a stop sign while making a right turn in downtown Austin. A Texas Department of Public Safety officer witnessed the violation

and stopped appellant. The officer did not observe anything else improper about appellant's driving. The officer approached appellant's vehicle and asked for his driver's license and proof of insurance. Appellant produced these without incident. At the same time, the officer smelled a "moderate" odor of an alcoholic beverage coming from within the vehicle. The officer asked appellant to step out of his car and to accompany him to the sidewalk. Throughout this time, appellant's speech and gait were normal. While standing together on the sidewalk, the officer again smelled a moderate odor of alcohol on appellant's breath.

The officer consequently asked appellant to perform standard field sobriety tests to determine whether he was intoxicated. Appellant failed the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. The officer arrested appellant for DWI. Appellant "failed" the breath test later administered at the police station.

Appellant filed a timely motion to suppress all evidence obtained at the time of his detention for suspected intoxication. After a hearing, the trial court denied the motion and appellant entered his plea.

## DISCUSSION

In reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's determination of historical facts. *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We do so because in a suppression hearing, the trial judge is the sole trier of fact and the sole judge of the credibility of witnesses and the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). But where, as here, the facts

2

in a case are undisputed, we conduct a *de novo* review to determine if the trial court properly applied the law to those facts. *Id.*

Appellant does not challenge the validity of the initial traffic stop. He concedes that the officer observed him failing to stop at a posted stop sign. Appellant argues, however, that there was no justification for any "detention" that exceeded what was necessary to ticket him for this violation. The sole issue in this case, therefore, is whether reasonable suspicion arose during the traffic stop sufficient to permit the officer to further investigate whether appellant was intoxicated.

The Supreme Court has held that law enforcement officers may detain individuals for investigative purposes even if the officers do not have probable cause to make an arrest. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). To justify such a detention under the Fourth Amendment, the officer must have a reasonable suspicion of criminal activity, based on "specific and articulable facts which, taken together with rational inferences from those facts would reasonably warrant that intrusion." *Id.* Generally, there must be some suggestion or indication that activity out of the ordinary is occurring or has occurred, that the detained person is connected with the unusual activity, and that the activity is related to a crime. *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). If the detention is unlawful, any evidence obtained as a result of the detention is inadmissible. *Id.* This Court has held that when an officer extends a valid traffic stop in order to investigate possible intoxication, this investigation is a "detention" for Fourth Amendment purposes and must be justified by reasonable suspicion. *Tex. Dep't of Pub. Safety v. Rodriguez*, 953 S.W.2d 362, 364 (Tex. App.–Austin 1997, no writ).

3

In this case, the officer witnessed appellant commit a traffic violation. Appellant does not dispute that the officer had the right to stop him once the officer observed the offense. The offense occurred during the very early hours of the morning, in the downtown area of Fourth and Colorado Streets; when stopped, the officer smelled alcohol on appellant's breath. These specific facts and the inferences that may reasonably be drawn from them support the conclusion that the officer had reasonable suspicion to briefly detain appellant to investigate his possible intoxication. We do not consider whether any one of these factors is sufficient, but we do conclude that in combination they rise to the level of reasonable suspicion.

In similar cases, Texas courts have held that an odor of alcohol on a motorist's breath in conjunction with another violation constitutes reasonable suspicion for an investigation of intoxication. *Sanchez v. State*, 582 S.W.2d 813, 814-15 (Tex. Crim. App. 1979) (holding that detention was justified based on odor of alcohol about defendant who fled from police when they attempted to stop him for speeding); *State v. Brabson*, 899 S.W.2d 741, 747 (Tex. App.–Dallas 1995) (holding that off-duty officer had reasonable suspicion to investigate DWI when, at 3:00 a.m., defendant honked horn excessively and smelled of alcohol), *aff'd*, 976 S.W.2d 182 (Tex. Crim. App. 1998).

Appellant argues, however, that this case is controlled by this Court's decision in *Rodriguez*. In *Rodriguez*, the record before the administrative law judge was completely silent as to *any* causal connection between the initial stop and the subsequent investigation of intoxication. *Rodriguez*, 953 S.W.2d at 364. This court held that there must be "some causal link" connecting the initial stop to the subsequent field sobriety tests. *Id*. The present case is

4

directly distinguishable on the facts: the smell of alcohol and the circumstances surrounding the stop provide exactly the causal connection missing from the record in *Rodriguez.*

The appellant next asserts that Texas cases do not support the contention that a "moderate" as opposed to a "strong" smell of alcohol can be a basis for an officer's reasonable suspicion. Reasonable suspicion involves common sense judgments and is not susceptible to formalistic analysis. *Ill. v. Wardlow*, 528 U.S. 119, 125 (2000). Drawing a fine distinction between varying degrees of smell would encourage just such formalism. While a smell of alcohol, however strong, does not definitively signal legal impairment, such a smell is suggestive of intoxication and therefore may legitimately be considered when determining whether the detaining officer had reasonable suspicion.

Appellant also argues that we should weigh the absence of various factors indicating inebriation (slurring words, weaving, staggering, swaying) against the presence of an odor of alcohol when determining whether the officer possessed reasonable suspicion for the detention. As this Court has noted, however, the absence of factors is only a *part* of the totality of the circumstances considered; the reasonable suspicion standard does not demand a rigid balancing of suspicious against unsuspicious activity. *State v. Garrett*, 22 S.W.3d 650, 655 (Tex. App.–Austin 2000, no pet.). Instead, the proper inquiry asks whether a reasonable person could articulate specific facts and circumstances that would warrant a detention for further investigation. The absence of a factor "typical" of inebriation is therefore not dispositive.

We hold that the traffic violation, the time of night, and the odor of alcohol on appellant's breath combined to give the officer reasonable suspicion to detain appellant to investigate his possible intoxication. We therefore overrule appellant's single issue.

## CONCLUSION

Having overruled appellant's single issue, we affirm the trial court's order denying the motion to suppress.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   April 26, 2001

Do Not Publish