Julio Cabrera SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 55657.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 21, 1979.

Rehearing En Banc Denied June 6, 1979.

814

Richard D. Woods, San Antonio, for appellant.

Alger Kendall, Jr., Dist. Atty. and Barry Brown, Asst. Dist. Atty., Karnes City, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ., and WILLIAM J. CORNELIUS, Commissioner.

## OPINION

WILLIAM J. CORNELIUS, Commissioner.

In a jury trial, Julio Sanchez was convicted of the offense of possession of more than four ounces of marihuana, a third degree felony. Punishment was set at four years' confinement.

The sufficiency of the evidence is not challenged. Sanchez's sole ground of error is that the trial court should have granted his motion to suppress evidence of the contraband because it was obtained by an illegal search.

At about 1:30 a. m. on the day in question, United States Border Patrol Agents Melton and Weinbrenner observed a vehicle traveling on Highway 35 at a high rate of speed. Only one person was in the automobile. The officers gave chase but were unable to overtake the vehicle. A few minutes later they came upon the same car stopped on the highway. Sanchez was at the front of the automobile looking under the hood. The officers asked what was wrong and he answered that he was having carburetor trouble. The officers smelled a strong odor of alcohol and decided that Sanchez was intoxicated. They had also noticed that his automobile trunk appeared to be heavily loaded, and they asked if he would allow them to look in the trunk. He refused. The officers then detained him and called the sheriff's department. Shortly thereafter, Sheriff Deputies Sanders and Martinez arrived. They arrested Sanchez and took him to the sheriff's office. Agent Melton testified that, while waiting for the deputies to arrive, he allowed Sanchez to sit in the back seat of the automobile in order to keep warm, and that as he opened the door to let Sanchez in the automobile he smelled a sweet, musty odor which he could not smell in the front seat. When they arrived at the sheriff's department headquarters, Sanchez was charged with the offense of driving while intoxicated. Agent Melton told Deputy Martinez of the smell which he had noticed, and they examined the back seat of the car with the aid of a flashlight. Through two stereo speaker holes in the back of the car, they could see something behind the seat in the trunk which looked like large burlap bags which are commonly used to transport marihuana. They forcibly opened the trunk and discovered that the bags contained approximately five kilo bricks of marihuana. The trial court overruled the motion to suppress.

■ Sanchez attacks the validity of the search on several grounds. First, he asserts that his detention was illegal because the United States Border Patrol agents, not being Texas peace officers,[1] did not have the authority to arrest or detain him except for an offense against the immigration laws. We overrule this contention. The border patrolmen did not stop Sanchez. They did, however, detain him after they encountered him stopped on the highway. They testified that, based upon the smell of

1. Art. 2.12, V.A.C.C.P. The statute was amended by the 65th Legislature to provide that U. S. Border Patrolmen, although not peace officers of the State, shall have the power of arrest, search and seizure as to felony offenses only.

alcohol and the suspect's actions, it was their opinion that he was intoxicated. Public drunkenness, to the extent that one may endanger himself or another, is an offense against the public peace. V.T.C.A., Penal Code, Sec. 42.08; *Heck v. State,* 507 S.W.2d 737 (Tex.Cr.App.1974); *McEathron v. State,* 163 Tex.Cr.R. 619, 294 S.W.2d 822 (1956). A private citizen may, without warrant, arrest a person found drunk in a public place. Art. 14.01, V.A.C.C.P.; *Heck v. State,* supra; *McEathron v. State,* supra. Sanchez's detention by the border patrolmen until they could deliver him to the duly constituted peace officers of Frio County was proper.

 Officer Melton had observed that the trunk of Sanchez's automobile appeared to be heavily loaded. Before going to the sheriff's office he noticed, in the vehicle's rear, an odor of a substance which he later decided was marihuana. When the officers arrived only a few minutes later at the sheriff's department, Patrolman Melton advised Deputy Martinez of the odor. Together they looked into the back seat and saw, through the speaker holes, burlap bags of the type commonly used to transport marihuana. Those circumstances were sufficient to constitute probable cause to search the trunk of the automobile. It was not necessary that exigent circumstances exist. The fact that the automobile was being held at the sheriff's department and could have been held there long enough to secure a warrant before conducting the search does not make the search unlawful or unreasonable. *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209, reh. den., 423 U.S. 1081, 96 S.Ct. 869, 47 L.Ed.2d 91 (1975); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, reh. den., 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970). For constitutional purposes, there is no difference between seizing and holding an automobile while securing a search warrant and in conducting an immediate search without a warrant. If probable cause to search exists, either course is reasonable under the Fourth Amendment. *Chambers v. Maroney,* supra.

Lastly, it is argued that the motion to suppress should have been granted because defense testimony proved that the speakers in the rear of the automobile were in place, both before and after the search, thus casting doubt upon the officers' testimony that they saw the burlap bags through the speaker holes. We cannot agree. There was no conclusive proof that the speakers were in place at all times, or at the very time of the search. The conflicts in the testimony were for the resolution of the trial judge, and his findings of the facts will not be overturned if they are supported by sufficient evidence. Furthermore, it was not necessary that the officers be able to see into the trunk for the search to be justified. The smell of marihuana in the rear of the automobile, coupled with an absence of any contraband in view in the back seat, would have been sufficient probable cause, under all of the circumstances here, to justify a search of the trunk.

The judgment of the trial court is affirmed.

Opinion approved by the Court.