IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2002-0202 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| MAX VALENCIA CHAVEZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20000140

Honorable Paul S. Banales, Judge Pro Tempore

AFFIRMED

---

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Michael T. O'Toole                              Phoenix
                                                              Attorneys for Appellee


Susan A. Kettlewell, Pima County Public Defender
  By John F. Palumbo                                                       Tucson
                                                              Attorneys for Appellant

---

H O W A R D, Presiding Judge.

¶1          A jury found appellant Max Valencia Chavez guilty of four felony counts of

aggravated driving under the influence of intoxicants (DUI) based alternately on his revoked

driver's license and his two prior DUI convictions.  The trial court placed him on five

years' probation and imposed four months' imprisonment as a condition of his probation. Chavez appeals, claiming the trial court should have granted his pretrial motion to dismiss the charges against him or alternatively to suppress evidence, based on what he alleges was an improper citizen's arrest under A.R.S. § 13-3884(1). We hold that DUI is an offense amounting to a breach of the peace, justifying the citizen's arrest effected in this case, and we therefore affirm the convictions.

¶2        Motions to dismiss are committed to the sound discretion of the trial court, and we will not disturb the denial of such a motion absent an abuse of the court's discretion. *State v. Hansen*, 156 Ariz. 291, 294, 751 P.2d 951, 954 (1988). We review a trial court's ruling on a motion to suppress evidence using the same standard. *State v. Spears*, 184 Ariz. 277, 284, 908 P.2d 1062, 1069 (1996). We view the facts and evidence in the light most favorable to sustaining the trial court's ruling, but we review questions of law de novo. *State v. Sanchez*, 200 Ariz. 163, ¶ 5, 24 P.3d 610, 612 (App. 2001).

¶3        The four charges against Chavez arose from a single incident. On the night of August 20, 1999, a tribal ranger[1] patrolling the San Xavier Indian Reservation observed Chavez driving erratically on South Mission Road. When Ranger Corella first saw Chavez's truck, it was completely stopped in the roadway. Corella pulled to within eight feet of the truck and sat with his lights on, watching, for approximately two minutes.

---

[1]As we discuss below, Ranger Corella did not have specific legal authority as a ranger to arrest Chavez for DUI. Thus, the legal issue presented is whether the arrest was proper as a citizen's arrest pursuant to A.R.S. § 13-3884.

**¶4**    The truck then began to move, and Corella followed it as it proceeded southbound.  He observed Chavez driving slowly, weaving, stopping, starting, and continuing to veer on and off the shoulder of the road.  Concerned for the safety of other motorists, Corella radioed his dispatcher to send a tribal police officer.  When Ranger Corella finally activated his vehicle's emergency lights, Chavez stopped his truck briefly in the roadway, then resumed his erratic driving for another four-tenths of a mile. Eventually Chavez pulled over and stopped on the shoulder of the road.  Soon after, he opened the passenger door of his truck, got out, and ran into the desert.

**¶5**    Ignoring Corella's command to stop, Chavez continued running.  As he ran up an incline, he lost his balance and fell forward into a prickly pear cactus.  When Chavez got up, covered with cactus spines, Corella placed him in handcuffs.  Corella did so, he testified, for his own safety because he did not know why Chavez had tried to run away from him.  He then noted Chavez was slurring his speech and emanating an odor of alcohol. After an eight- to twelve-minute wait, a tribal police officer arrived and took custody of Chavez.

**¶6**    Before trial, Chavez moved to dismiss or, in the alternative, to suppress evidence obtained following his arrest.  He claimed his detention and arrest were illegal because Ranger Corella, who was not a certified Arizona peace officer, *see* A.R.S. §§ 41-1822, 41-1823, lacked authority to detain him.  According to Corella, his official duties as a ranger include patrolling the 77,000-acre San Xavier reservation with responsibility for protecting wildlife and enforcing both environmental laws and trespassing laws.  Rangers

3

are unarmed, uncertified, and not considered to be law enforcement officers. They do, however, carry handcuffs, pepper spray, flashlights, and batons and drive marked vehicles equipped with emergency lights.

¶7          In denying Chavez's pretrial motion to suppress, the trial court ruled that Corella had had authority "to stop and detain [Chavez's] vehicle," not in his official capacity as a ranger, but as a private citizen. The court held Chavez's erratic and dangerous driving constituted a breach of the peace for purposes of § 13-3884, which provides:

> **Arrest by private person**
>
> A private person may make an arrest:
>
> 1.  When the person to be arrested has in his presence committed a misdemeanor amounting to a breach of the peace, or a felony.
>
> 2.  When a felony has been in fact committed and he has reasonable ground to believe that the person to be arrested has committed it.[2]

Chavez does not dispute the authority of a tribal ranger to make a citizen's arrest.[3] *See State v. Goldberg*, 112 Ariz. 202, 204, 540 P.2d 674, 676 (1975) (federal agents with

___

[2]In fact, the offenses Chavez committed in Corella's presence were felonies, by virtue either of Chavez's previous DUI convictions or his driver's license having been revoked. Presumably because Corella did not know that when he decided to stop Chavez, the parties have focused their arguments on whether a misdemeanor DUI offense, *see* A.R.S. § 28-1381(A), (C), can constitute a breach of the peace under § 13-3884(1).

[3]Nor does he dispute Corella's legal authority as a ranger to stop Chavez's vehicle "to check on [his] welfare."

limited arrest authority "still have the power to make arrests for violations of state laws as private citizens"). Rather, he argues that his DUI offense was not a breach of the peace for purposes of § 13-3884(1) because a breach of the peace is substantially synonymous with disorderly conduct as defined by A.R.S. § 13-2904(A), which, he contends, does not encompass DUI.

¶8 Although this is apparently a case of first impression in Arizona, other jurisdictions have held, and legal treatises recognize, that dangerous or reckless driving, including DUI, amounts to a breach of the peace allowing a private citizen to stop, detain, or arrest the driver. *See, e.g.*, 11 C.J.S. *Breach of the Peace* § 5 (1995) ("[T]he operation of a motor vehicle while intoxicated is an activity which threatens the public security and involves violence, and as such, it amounts to a breach of the peace."); 12 Am. Jur. 2d *Breach of Peace and Disorderly Conduct* § 9 (1997) (driving while intoxicated and reckless driving included among the varied acts and conduct held or recognized to constitute a breach of the peace); 5 Am. Jur. 2d *Arrest* § 67 (1995) (officer may arrest for DUI "even where the power to arrest without warrant is limited to breaches of the peace, since this offense is held to constitute a breach of the peace, or at least a prospective or anticipated breach.").

¶9 Supporting the treatises' statements are cases from a number of different jurisdictions. *E.g.*, *Edwards v. State*, 462 So. 2d 581, 582 (Fla. Dist. Ct. App. 1985); *People v. Niedzwiedz*, 644 N.E.2d 53, 55 (Ill. App. Ct. 1994); *Commonwealth v. Gorman*, 192 N.E. 618, 620 (Mass. 1934); *City of Troy v. Cummins*, 159 N.E.2d 239, 242 (Ohio Ct.

5

App. 1958); *Romo v. State*, 577 S.W.2d 251, 253 (Tex. Crim. App. 1979); *State ex rel. State v. Gustke*, 516 S.E.2d 283, 291-92 (W. Va. 1999); *City of Waukesha v. Gorz*, 479 N.W.2d 221, 223 (Wis. Ct. App. 1981); *accord Ruiz v. State*, 907 S.W.2d 600, 604 (Tex. Ct. App. 1995); *Pringle v. State*, 732 S.W.2d 363, 368 (Tex. Ct. App. 1987); *Yates v. State*, 679 S.W.2d 534, 537 (Tex. Ct. App. 1984). Notably, Chavez has brought to our attention no authority from any jurisdiction holding otherwise.

¶10 And, as one Florida appellate court colorfully stated in *Edwards*, "We cannot think of a more apt illustration of such breach of the individual and collective peace . . . than to have a drunk driver at the wheel of a killing machine that is going all over the road and scaring oncoming drivers to death rather than killing them." 462 So. 2d at 582; *see also Hudson v. Commonwealth*, 585 S.E.2d 583, 588 (Va. 2003) (dangerous driving constitutes breach of peace, regardless whether driver under influence of intoxicants).

¶11 In a case virtually on all fours with this one, *United States v. Sealed Juvenile 1*, 255 F.3d 213 (5th Cir. 2001), an off-duty federal customs officer in Texas observed a pickup truck being driven erratically, veering in and out of its proper lane, variously crossing the center line and moving onto the emergency shoulder of the road. Safety concerns finally prompted the officer to stop the truck, in which he found over 700 pounds of cocaine, which the juvenile driver later moved to suppress as evidence, arguing the customs officer had lacked authority to stop her.

¶12 The Fifth Circuit cited Texas authority holding that any traffic violation that "is egregious enough to threaten disaster and disorder or pose a potentially perilous public

6

risk . . . may constitute a breach of the peace," *id.* at 218, and also noted that the determination whether a given act constitutes a breach of the peace requires a case-by-case analysis of the facts and surrounding circumstances. Under the facts present there, the court concluded the juvenile's erratic driving had endangered her own life and the lives of other motorists and thus constituted a breach of the peace. *Id.* We believe the same was true of Chavez's drunken driving as observed and described by Ranger Corella here.

¶13 We also further disagree with Chavez's contention that a breach of the peace in Arizona is confined to the six instances of disorderly conduct enumerated in § 13-2904(A). Unlike the offense of disorderly conduct, which is a creature of statute, breach of the peace has its roots in the common law. 12 Am. Jur. 2d *Breach of Peace and Disorderly Conduct* §§ 1, 24. The two concepts overlap but are distinguishable, *id.*, and, "while disorderly conduct can include a breach of the peace, breach of the peace is not limited to behavior prohibited by the disorderly conduct statutes." *Id.* § 1.

¶14 We also reject Chavez's contention that, even if his DUI offense was a breach of the peace for purposes of § 13-3884(1), his arrest was illegal because Corella lacked probable cause to arrest him for the offense. As the Fifth Circuit noted in *Sealed Juvenile 1*, the Fourth Amendment's prohibition against unconstitutional searches and seizures applies only to government agents; it does not limit the actions of private citizens. "[A] private citizen's actions, even if wrongful, do not fall under the ambit of the Fourth Amendment." *Id.* at 216 (citation omitted); *see also Burdeau v. McDowell*, 256 U.S. 465, 475, 41 S. Ct. 574, 576, 65 L. Ed. 1048, 1051 (1921) (Fourth Amendment's protection

7

against unlawful searches and seizures applies only to governmental action, not to private parties); *State v. Weekley*, 200 Ariz. 421, ¶ 16, 27 P.3d 325, 328 (App. 2001), *quoting Walter v. United States*, 447 U.S. 649, 662, 100 S. Ct. 2395, 2404, 65 L. Ed. 2d 410, 421 (1980) (Blackmun, J., dissenting) (Fourth Amendment does not apply "'to a search or seizure, even an unreasonable one, effected by a private individual'"). Because the parties effectively agree that Corella's actions in stopping and detaining Chavez must be viewed not as the actions of a law enforcement officer or state agent but as those of a private citizen, *see generally Gustke*, the Fourth Amendment's requirement of probable cause simply was not implicated here.

¶15 As a corollary of that general principle, and given the exclusionary rule's primary purpose, which is to discourage unconstitutional conduct by police, *see State v. Atwood*, 171 Ariz. 576, 667, 832 P.2d 593, 684 (1992) (Corcoran, J., specially concurring); *State v. Windus*, 207 Ariz. 328, ¶ 16, 86 P.3d 384, 387 (App. 2004), courts have refused to apply the exclusionary rule to evidence obtained through the unlawful actions of private citizens. *See, e.g.*, *State v. Rice*, 110 Ariz. 210, 211-12, 516 P.2d 1222, 1223-24 (1973); *People v. Leighton*, 177 Cal. Rptr. 415, 417 (Cal. Ct. App. 1981); *State v. Stevens*, 603 A.2d 1203, 1209 (Conn. App. Ct. 1992); *State v. Hart*, 669 N.E.2d 762, 765-66 (Ind. Ct. App. 1996); *State v. Clark*, 454 So. 2d 232, 234 (La. Ct. App. 1984); *State v. McGinnis*, 2000 WL 1133247, at *4 (Ohio Ct. App. Aug. 11, 2000); *Town of Mount Pleasant v. Jones*, 516 S.E.2d 468, 471 (S.C. Ct. App. 1999). Hence, as one court has stated, "if the citizen's arrest had been unlawful, [Corella] might have incurred liability for damages, but

8

the evidence would not have been suppressed." *Hart*, 669 N.E.2d at 766. Therefore, even had his arrest been unlawful, Chavez's convictions could still stand because the exclusionary rule does not apply to the actions of private citizens.

¶16 We hold that driving a vehicle while intoxicated constitutes a misdemeanor amounting to a breach of the peace within the meaning of § 13-3884(1) and that the trial court did not abuse its discretion in denying Chavez's motion to dismiss or to suppress. We therefore affirm the judgment of convictions, suspension of sentence, and imposition of probation.

                                                            

_____

JOSEPH W. HOWARD, Presiding Judge

CONCURRING:


_____

J. WILLIAM BRAMMER, JR., Judge


_____

PHILIP G. ESPINOSA, Judge

9