FILED BY CLERK

FEB -8 2010

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2009-0142 |
| | ) | DEPARTMENT A |
| Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| FABIAN GARCIA-NAVARRO, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20062829

Honorable Richard Nichols, Judge

AFFIRMED

Barbara LaWall, Pima County Attorney
 By Jacob R. Lines                                                              Tucson
                                                        Attorneys for Appellant

Robert J. Hirsh, Pima County Public Defender
 By Michael J. Miller                                                           Tucson
                                                        Attorneys for Appellee

H O W A R D, Chief Judge.

¶1          The state appeals from the trial court's order granting appellee Fabian

Garcia-Navarro's motion to suppress evidence, contending the court erred in finding that

a citizen's arrest statute did not authorize a border patrol agent to detain Garcia-Navarro. The state also claims that even if the border patrol agent was not permitted to make a citizen's arrest, suppression was nevertheless an inappropriate remedy. Finding no error, we affirm the trial court's decision.

**Facts and Procedural History**

¶2 In reviewing the grant of a motion to suppress, we view the evidence presented at the evidentiary hearing and any reasonable inferences from that evidence, in the light most favorable to upholding the trial court's order. *State v. Hackman*, 189 Ariz. 505, 508-09, 943 P.2d 865, 868-69 (App. 1997). A border patrol agent saw Garcia-Navarro driving at a high rate of speed and looking in his rear-view mirror rather than at the roadway. Garcia-Navarro then pulled his vehicle onto the highway and was almost struck by another car while crossing into the fast lane. Believing Garcia-Navarro's driving posed a public safety risk, the agent activated his emergency lights and Garcia-Navarro pulled his car over to the side of the road.

¶3 Garcia-Navarro fled from his vehicle on foot. The border patrol agent subsequently searched the abandoned car and found marijuana in the trunk. Garcia-Navarro was eventually arrested and charged with possession and transportation of marijuana for sale.

¶4 Before trial, Garcia-Navarro moved to suppress the marijuana found in his car, claiming the border patrol agent lacked reasonable suspicion to stop his vehicle. The state responded that the agent had reasonable suspicion for the stop but also claimed the agent was permitted to arrest Garcia-Navarro pursuant to A.R.S. § 13-3884—the citizen's

arrest statute. The trial court disagreed and found the agent had lacked reasonable suspicion to stop Garcia-Navarro and was also prohibited from stopping him pursuant to § 13-3884. The state appeals the latter determination.

## Suppression as a Remedy

**¶5** As a preliminary matter, we first address the state's contention that even if the border patrol agent arrested Garcia-Navarro in violation of § 13-3884, "[s]uppression is an inappropriate remedy for an illegal citizen[']s . . . arrest" because the agent was acting as a private citizen and the Fourth Amendment of the United States Constitution only protects a criminal defendant from the actions of government agents. Because the state did not raise this issue below, Garcia-Navarro contends that we must review the argument for fundamental error only. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005) (this court reviews only for fundamental error when defendant fails to object to alleged error below). The state does not claim otherwise.[1] But a finding of fundamental error first requires a finding of error, *Henderson*, 210 Ariz. 561, ¶ 23, 115 P.3d at 608, and, in this case, we conclude no error occurred.

**¶6** "A wrongful search or seizure performed by a private citizen does not violate the Fourth Amendment unless the citizen is acting as an agent of the state." *State v. Estrada*, 209 Ariz. 287, ¶ 16, 100 P.3d 452, 456 (App. 2004). When determining

---

[1]Because Garcia-Navarro does not argue that fundamental error review is not available to the state, we assume, without deciding, that we would address an issue raised by the state for the first time on appeal if the issue related to error that is of such magnitude that it deprived the state of the right to a fair proceeding. *Cf. State v. Vargas-Burgos*, 162 Ariz. 325, 327, 783 P.2d 264, 266 (App. 1989) (finding appellate court could correct sentencing error that benefitted defendant even though state had failed to object in trial court because state had filed cross-appeal).

whether a party acted as an agent of the state, this court looks to (1) whether the government had knowledge of and acquiesced to the party's actions and (2) the intent of the party. *State v. Martinez*, 221 Ariz. 383, ¶ 31, 212 P.3d 75, 83-84 (App. 2009). "If either element of this test is not met, then the private citizen was not acting as a state agent" and any fruit of the citizen's search or seizure may not be suppressed. *Id.*

¶7 In this case, the state does not dispute that the arresting officer was a federal border patrol agent and that "the government" had knowledge of his actions. It merely claims "the police" did not cause the arrest. But it cites no authority that the federal government is not subject to the Fourth Amendment or that an arrest by an agent of the government is not considered to be accomplished with government knowledge. And the intent of the federal agent clearly was to use his federal authority to arrest Garcia-Navarro. Therefore, the state's actions met both of the elements considered in determining that a party has acted as an agent of the state.

¶8 The authority the state relies on does not compel a different conclusion. In *State v. Chavez*, 208 Ariz. 606, ¶¶ 3-4, 96 P.3d 1093, 1094 (App. 2004), a tribal ranger patrolling an Indian reservation observed the defendant "driving slowly, weaving, stopping, starting, and continuing to veer on and off the shoulder of the road." Believing Chavez posed a danger to other motorists, the ranger activated his emergency lights and pulled Chavez over to the side of the road. *Id.* ¶ 4. Chavez later was arrested for DUI. *See id.* ¶¶ 5, 8, n.2.

¶9 Before trial, Chavez moved to suppress evidence obtained from the ranger's arrest, claiming that the ranger, who was not a law enforcement officer and whose main

4

duties were to enforce environmental and trespassing laws, lacked the authority to detain him. *Id.* ¶ 6. The trial court disagreed and concluded that the ranger had "authority 'to stop and detain [Chavez's] vehicle,' not in his official capacity as a ranger, but as a private citizen" pursuant to § 13-3884. *Id*. ¶ 7 (alteration in *Chavez*). This court then found that even if Chavez had been stopped or detained illegally, the parties had agreed that the ranger's "actions in stopping and detaining Chavez [should] be viewed not as the actions of a law enforcement officer or state agent but as those of a private citizen," and therefore could not be found to violate the Fourth Amendment. *Id.* ¶¶ 14-15.

¶10          Unlike the tribal ranger in *Chavez*, the border patrol agent in this case was not acting as a private citizen but rather as an agent of the government. We therefore reject the state's argument that suppression was an inappropriate remedy even if the border patrol agent's actions did not fall within § 13-3884.

**Citizen's Arrest**

¶11          The state also argues that the trial court erred in suppressing the marijuana found in Garcia-Navarro's vehicle because the border patrol agent was permitted to stop and arrest Garcia-Navarro pursuant to § 13-3884. "We review the trial court's granting of a motion to suppress for an abuse of discretion" but review de novo "the court's ultimate legal determination of the propriety of a stop." *State v. Livingston*, 206 Ariz. 145, ¶ 3, 75 P.3d 1103, 1104 (App. 2003).

¶12          A private person, including a border patrol agent, may make a lawful citizen's arrest pursuant to § 13-3884(1) "[w]hen the person to be arrested has in his presence committed a misdemeanor amounting to a breach of the peace . . . ." In *Chavez*,

5

this court held that the offense of driving under the influence of intoxicants (DUI) constitutes a misdemeanor amounting to a breach of the peace, and therefore a citizen's arrest for DUI can be lawful. 208 Ariz. 606, ¶ 16, 96 P.3d at 1097. The *Chavez* court agreed with the reasoning of the Fifth Circuit Court of Appeals that DUI constitutes a breach of the peace because it "threaten[s] disaster and disorder [and] pose[s] a potentially perilous public risk." *Id.* ¶ 12, *quoting Sealed Juvenile 1*, 255 F.3d 213, 218 (5th Cir. 2001). The court also found that DUI is a breach of the peace because it endangers the driver's life, as well as the lives of other motorists. *Id.* The *Chavez* court further found that the determination of whether a breach of the peace had occurred required a "case-by-case analysis of the facts and surrounding circumstances." It did not hold that all citizen's arrests for traffic offenses are per se lawful or that traffic offenses are breaches of the peace justifying a citizen's arrest. *Id.* ¶¶ 12, 16.

¶13 Here, the border patrol agent testified that he witnessed Garcia-Navarro looking in his rearview mirror as he drove down a highway access road. According to the agent, Garcia-Navarro was driving fast, "shot across the slow lane . . . directly into the fast lane" when he merged onto the highway, and almost collided with another driver. The agent did not recall, however, whether Garcia-Navarro had failed to signal when he changed from the slow lane to the fast lane and could not confirm that Garcia-Navarro had been speeding, only that he had been travelling faster than typical traffic.

¶14 Although Garcia-Navarro's driving may have violated traffic laws, the trial court reasonably could have found that it did not "threaten disaster and disorder and pose a perilous public risk" as DUI would. *Id.* ¶ 12, *quoting United States v. Sealed Juvenile*

6

*1*, 255 F.3d at 218. There was no evidence Garcia-Navarro had been drinking, that his car was weaving or veering off the road, or that he lacked control of his vehicle as did the defendant in *Chavez*. *See id.* ¶¶ 4-5. The legislature did not display any intent to allow a private person to detain fellow citizens at will based on a personal assessment of a citizen's driving. *See* § 13-3884. Because Garcia-Navarro's conduct did not constitute a breach of the peace,[2] the trial court did not abuse its discretion in granting Garcia-Navarro's motion to suppress.

## Conclusion

¶15        Based on the foregoing, we affirm the trial court's order granting Garcia-Navarro's motion to suppress.

_____
JOSEPH W. HOWARD, Chief Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Presiding Judge


_____
VIRGINIA C. KELLY, Judge

---

[2]Because we conclude Garcia-Navarro's conduct did not constitute a breach of the peace, we need not address the state's argument that it also constituted misdemeanor reckless driving.