# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20080

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2019

Lyle W. Cayce
Clerk

BENJAMIN OSHEA CALHOUN,

      Plaintiff–Appellant

v.

TONY VILLA, OFFICER; G.D. ROGERS, OFFICER; Z.J. MATHIS, OFFICER; MARTHA MONTALVO, HOUSTON POLICE DEPARTMENT CHIEF OF POLICE; CITY OF HOUSTON; J.A. DEVEREUX, OFFICER; S.L. SIEVERT,

      Defendants–Appellees

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3001

---

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

     Benjamin Calhoun, proceeding pro se, alleges that the Houston Police Department violated his constitutional rights by arresting him on two occasions for Class C misdemeanors that were only punishable by a fine. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20080

claims that these arrests violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

## I.

On May 20, 2016, Calhoun was arrested for jaywalking by Officers Villa and Rodgers. Jaywalking is illegal pursuant to Texas Transportation Code § 552.006. It is a Class C violation and under Texas Penal Code § 12.23 is punishable by a fine not to exceed $500.

On August 28, 2016, Calhoun was arrested by Sergeant Sievert for standing on railroad tracks and refusing to leave after being so directed. Three other police officers arrived and participated. This violation is also a Class C misdemeanor punishable by a fine according to Texas Penal Code § 28.07(b)(2)(A).

Calhoun filed this lawsuit on October 6, 2016. He filed the Amended Complaint on November 21, 2016. He asserts constitutional violations by the City of Houston and six officers individually, under § 1983, as well as corresponding state law claims. The City of Houston, the police chief, and the officers on the scene moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Upon referral, the magistrate judge recommended dismissal of all of Calhoun's claims. The district court adopted the recommendation in full.

Calhoun appealed asserting that (1) the district court erred by granting the Rule 12(b)(6) motions, (2) the district court abused its discretion by denying Calhoun's successive amendments, and (3) the district court abused its discretion by denying Calhoun's motion to recuse.

## II.

This Court reviews the district court's ruling on a Rule 12(b)(6) motion de novo. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 246 (5th Cir. 1997). A Rule 12(b)(6) motion is asserted for failure to "state a claim upon which relief

No. 18-20080

can be granted." FED. R. CIV. P. 12(b)(6). Motions for failure to state a claim are "disfavored in the law and rarely granted." *See Thompson v. Goetzmann,* 337 F.3d 489, 494-95 (5th Cir. 2003); *Lowrey,* 117 F.3d at 247. To overcome a Rule 12(b)(6) motion, the complaint must contain, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint is to be "liberally construed in favor of the plaintiff." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

This Court generally reviews the denial of a motion for leave to amend for abuse of discretion. *Daly v. Sprague*, 675 F.2d 716, 723 (5th Cir. 1982). However, when the court's denial was based "solely on futility" the Fifth Circuit reviews de novo. *Thomas v. Chevron,* 832 F.3d 586, 590 (5th Cir. 2016).

This Court reviews the denial of a motion to recuse for abuse of discretion. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003). "Under 28 U.S.C. § 144, a judge is to recuse himself if a party to the proceeding 'makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . .'" *Id.* The affidavit must be filed within ten days of the beginning of the term at which the case will be considered. *Id.*

### III.

The district court granted the Rule 12(b)(6) motion for failure to state a § 1983 claim. In order to state a claim under § 1983, a plaintiff must allege a violation of his federal rights by a person acting "under color of state law." *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Warrantless arrests are not per se violations of the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001). As Calhoun pointed out, in *Atwater,* a state statute explicitly authorized the warrantless arrest. *Id.* This Court has stated,

3

in applying *Atwater,* that "[a] law enforcement officer can make a warrantless arrest only if a federal or state law imbues him with that authority." *United States v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001).

There is an applicable Texas statute that authorizes peace officers to make warrantless arrests in this situation: "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CRIM. PROC. CODE ANN. § 14.01 (West 2017).[1] Because both misdemeanor violations occurred within view of the officers, they would be justified in making an arrest, even though the violations were only punishable by a fine. The district court was correct in applying relevant state law to the question at hand. Because a state statute authorized the warrantless arrest in this case, the officers' actions were not unconstitutional, and the dismissal was appropriate.[2]

The district court dismissed the state law claims as well. Calhoun appears to assert claims for false arrest, false imprisonment, and malicious prosecution. Texas law protects governmental entities from suit through sovereign immunity, unless the area of liability is specifically waived by the Texas Tort Claims Act, such as injury by an employee's motor vehicle, injury caused by property conditions, and claims arising from defects in premises. TEX. CIV. PRAC. & REM. CODE ANN. § 101 *et seq.* None of Calhoun's claims fall under these categories. Additionally, under Texas law, "[i]f a suit is filed . . .

---

[1] The defendants do not cite this statute, instead referencing *Atwater* for the constitutionality of warrantless arrests, without noting the requirement for a statute at all. Calhoun, however, points out the requirement for an applicable statute and the defendants' failure to cite one. The magistrate judge did supply the applicable statute in the memorandum and recommendation, as adopted by the district court. Calhoun contends that the magistrate judge cannot supply the statute when the defendants failed to do so. We disagree.

[2] Thus, all of Calhoun's claims relying on the officers' actions being unconstitutional also fail to state a claim upon which relief can be granted.

No. 18-20080

against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* § 101.106(e). Therefore, Calhoun's state law claims against both governmental entities and individual defendants were properly dismissed.[3]

Next, we address Calhoun's attempts to amend the complaint. Although Calhoun was entitled to amend his complaint once, the district court denied his second and third requests for leave to amend. Federal Rule of Civil Procedure 15 allows for one amended complaint "as a matter of course," but other amendments may only be filed "with the opposing party's written consent or the court's leave." FED. R. CIV. P. (15)(a)(1)–(2). Allowing amendments is preferred and "[t]he court should freely give leave when justice so requires." *Id.* There are several reasons that a district court may deny leave to amend without abusing its discretion–one of which is "futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (others listed include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .").

As noted above, when futility is the sole grounds for denial, this Court reviews de novo. In the memorandum and recommendation adopted by the district court, the magistrate judge appears to rely solely on the futility of the successive amendments: "Consequently, Calhoun's proposed amendment would be futile, and his Motions for Leave to Amend are DENIED." (internal citations omitted). No other grounds for denial are mentioned.

---

[3] Calhoun also confusingly argues that the officers lacked probable cause to arrest him. In his complaint, however, he concedes that the officers were physically present when the violations occurred, and we have already concluded that the arrest was constitutionally permissible. Calhoun's argument therefore lacks merit.

Calhoun's second and third amended complaints made some formatting changes (which would not affect the plausibility of the complaint) and added substantive claims under 42 U.S.C. §§ 1985(3) and 1986. Section 1985(3) prohibits, *inter alia*, a conspiracy to deprive a person of the equal protection of the law or equal privileges and immunities under the law. Relatedly, § 1986 establishes a cause of action against a person who fails to act when they have knowledge of a § 1985 conspiracy. Neither of these claims is supported by the well-pleaded facts in Calhoun's amended complaints. Therefore, as the magistrate judge stated, his proposed amendments would be futile and would not affect the district court's disposition on the Rule 12(b)(6) motion.[4]

Calhoun argues that the scheduling order set up by the district court led him to believe he was able to amend as many times as he wanted within that time frame. Although we recognize that this could have been unclear to a pro se litigant and it would have been better for the district court to make it explicit that unlimited amendments would not be allowed, this does not change the final evaluation of his proposed amendments. The district court's order was correct.

Finally, we address Calhoun's appeal of the denial of his motion to recuse Judge Bennett. First, Calhoun's motion, filed ten months after he filed the lawsuit, was untimely. A motion to recuse must be filed within ten days of the beginning of the term when the case is to be considered, unless the movant can show good cause for delay. *See Patterson*, 335 F.3d at 483. Calhoun did not argue good cause to explain the delay. Second, the substance of his argument in favor of recusal was based on Judge Bennett's adverse rulings in other cases,

---

[4] *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

No.  18-20080

which is not sufficient to require recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994). Therefore, the district court did not abuse its discretion in this determination.

## IV.

For the reasons cited above, we **AFFIRM** the district court's granting of the Rule 12(b)(6) motion, the denial of the motions to file successive amendments, and the denial of the motion to recuse.