NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAWN MARTINEZ REESE, *Appellant.*

No. 1 CA-CR 22-0485
FILED 5-16-2023

Appeal from the Superior Court in Navajo County
No. S0900CR202000801
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Ashley Torkelson Levine
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

¶1          Shawn Martinez Reese appeals his convictions for possession of dangerous drugs and drug paraphernalia.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          We view the facts in the light most favorable to sustaining the defendant's convictions.  *State v. Thompson*, 252 Ariz. 279, 287, n. 3 (2022).

¶3          On March 5, 2020, Department of Child Safety ("DCS") Investigator Larsen arrived at Reese's home in Lakeside, Arizona to investigate a report that Reese and his girlfriend were abusing drugs while children were present.  Reese and his girlfriend allowed Investigator Larsen to conduct a home walk-through to look for evidence of drug use.  After finding nothing in plain sight, Investigator Larsen recommended Reese and his girlfriend seek emergency guardianship of the children in their care because they did not have legal custody and were caring for them on an emergency basis.  She also arranged to return later in the afternoon when the children got home from school.

¶4          When Investigator Larsen returned, Dereck[1], a child living with Reese, approached her outside the home.  He told her that there were drugs in the home and showed her a picture.  Investigator Larsen told Dereck she could not confirm that the picture showed drugs and because her walk-through did not reveal evidence of drugs or drug use, she could not take further action.  Dereck then ran back into the home and returned with a small baggie containing a white crystal substance, prompting Investigator Larsen to call the Navajo County Sheriff's Office.

¶5          Upon arrival, officers determined the substance in the baggie was methamphetamine.  Officers then obtained and executed a search warrant for Reese's home.  In their search, officers discovered glass pipes and baggies containing residue of a white substance.  When questioned by officers, Reese admitted to smoking methamphetamine multiple times a week.

¶6          The State charged Reese with one count of possession of dangerous drugs, a class four felony, one count of possession of drug paraphernalia, a class six felony, and one count of child neglect, a class one misdemeanor.  Reese moved to suppress evidence of the drugs and

---

[1]  We use a pseudonym to protect the minor child's identity.  *See* Ariz. R. Crim. P. 31.10(f).

paraphernalia, arguing Dereck was acting as a government agent and therefore the search violated the Fourth Amendment. The superior court held a hearing on the motion, at which Investigator Larsen testified that she did not direct Dereck to retrieve the drugs. The court also received a copy of the responding officers' reports, one of which contradicted Investigator Larsen's testimony, stating she had asked Dereck if he could provide her evidence of drug use. At the end of the hearing, the court denied the motion, finding Investigator Larsen did not ask Dereck to go into the home to retrieve the drugs and that he acted independently of any state influence.

**¶7**        Following the superior court's denial of his motion to suppress, Reese waived his right to a jury trial and agreed to submit the case to the court on a stipulated record. *See* Ariz. R. Crim. P. 17.7. After reviewing the record and hearing the parties' arguments, the court found Reese guilty of possession of dangerous drugs and possession of drug paraphernalia, but not guilty of child neglect. The court suspended the imposition of sentence and placed Reese on probation for two years.

**¶8**        Reese timely appealed and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033(A).

## DISCUSSION

**¶9**        On appeal Reese argues only that the superior court erred in denying his motion to suppress. We review the superior court's denial of a motion to suppress for an abuse of discretion, but review issues of law de novo. *State v. Nissley*, 241 Ariz. 327, 330, ¶ 9 (2017). "[W]e consider only the evidence presented at the suppression hearing and view that evidence in a light most favorable to upholding the court's ruling." *State v. Lietzau*, 248 Ariz. 576, 579, ¶ 8 (2020).

**¶10**        "[A] wrongful search or seizure performed by a private citizen does not violate the Fourth Amendment unless the citizen is acting as an agent of the state." *State v. Estrada*, 209 Ariz. 287, 291, ¶ 16 (App. 2004). To determine whether a private party has acted as a state agent, we look to "(1) whether the government had knowledge of and acquiesced to the party's actions and (2) the intent of the party." *State v. Garcia-Navarro*, 224 Ariz. 38, 40, ¶ 6 (App. 2010). If either element is not met "any fruit of the citizen's search or seizure may not be suppressed." *Id.*

**¶11**        At the suppression hearing, Investigator Larsen testified that she did not ask or direct Dereck to go into the house to retrieve evidence of drugs. She testified that after she told Derick that she could not take any

action based on what she observed during her walk-through, he ran into the home and brought out the baggie containing methamphetamine. True, one responding officer's report states that Investigator Larsen "asked [Dereck] if he could go inside the residence and provide her with evidence of possible drug use." But other officers' reports supported Investigator Larsen's testimony and the court credited her testimony over the officer's contradictory statement. We will not revisit this credibility determination. *See State v. Alvarado*, 158 Ariz. 89, 92 (App. 1988) ("It is for the [superior] court to resolve conflicting testimony and to weigh the credibility of witnesses."). The superior court did not err in finding that Dereck acted independently of state influence and that therefore no Fourth Amendment violation occurred. *See United States v. Walther*, 652 F.2d 788, 792 (9th Cir. 1981) (noting the "presence of [government] officers who do not take an active role in encouraging or assisting an otherwise private search" does not convert the private search to state action).

**¶12** The superior court also found Dereck had an independent motive from assisting law enforcement—his own health and safety. The record supports this finding. Dereck contacted DCS out of concern for his safety after witnessing drug use and there is no indication that he intended to assist law enforcement in prosecuting Reese. The superior court thus properly found that Dereck's actions did not implicate the Fourth Amendment. *See State v. Martinez*, 221 Ariz. 383, 394, ¶ 33 (App. 2009) ("Fourth Amendment rights are implicated only if [a private party] act[s] on behalf of the state without 'a legitimate independent motivation for conducting the search.'" (quoting *Walther*, 652 F.2d at 792)). Given our conclusion that the superior court properly found no Fourth Amendment violation, we do not address the State's alternative argument that the inevitable discovery doctrine should apply.

## CONCLUSION

**¶13** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA